**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

Speedtop Globe Technology Limited,

*Plaintiff,*

v.

Michael H. Domesick, individually and doing business as AB MILL,

*Defendant.*

**Case No. 2:26-cv-04142**

**COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT**

**Jury Trial Demand**

This is an action under the Declaratory Judgment Act brought by Plaintiff Speedtop Globe Technology Limited d/b/a Hontay ("Plaintiff") against Defendant Michael H. Domesick ("Defendant"), seeking a declaration that Plaintiff's roller-type abdominal trainers (the "Accused Products") do not infringe any claim of U.S. Patent No. 11,491,364 (the "'364 Patent"), directly or indirectly, literally or under the doctrine of equivalents. Plaintiff alleges the following based on personal knowledge as to its own activities and on information and belief as to all other matters:

## NATURE OF THE ACTION

1. This action seeks a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that Plaintiff's Accused Products do not infringe any claim of the '364 Patent, directly or indirectly,





GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

literally or under the doctrine of equivalents.

2. Defendant asserted the ’364 Patent against Plaintiff’s Amazon listings, causing Amazon to remove Plaintiff’s offers for the Accused Products. Plaintiff disputes infringement and intends to resume the challenged sales. Defendant’s enforcement conduct has caused and continues to cause lost sales and presents an actual controversy concerning whether the Accused Products infringe the ’364 Patent.

## PARTIES

3. Plaintiff Speedtop Globe Technology Limited is a company incorporated under the laws of Hong Kong, with its business address at C05, Unit 7, 18/F, Tower One, Ever Gain Plaza, No. 88 Container Port Road, Kwai Chung, Hong Kong.

4. Plaintiff owns and operates the Hontay storefront on Amazon.com under Seller ID ASQVJDT7ZIEPA. Amazon’s public seller profile identifies Plaintiff as the business operating Hontay. A copy of that profile is attached as Exhibit A.

5. Defendant Michael H. Domesick, also identified in patent records as Michael Harris Domesick, is an individual doing business as AB MILL. On information and belief, Defendant resides at 98 Brighton Street, New Britain, Connecticut 06053.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. § 100 et seq. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

7. An actual controversy of sufficient immediacy and reality exists between the parties concerning infringement of the ’364 Patent. Defendant submitted or authorized Amazon Complaint ID 22372084231, asserting that the Accused Products infringe the ’364 Patent. Amazon



GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

removed Plaintiff's offers for the Accused Products in response. Plaintiff disputes infringement and intends to resume the challenged sales. A declaration of noninfringement would resolve the parties' adverse legal positions and provide Plaintiff with a judicial determination to submit to Amazon in support of reinstatement.

8. This Court has specific personal jurisdiction over Defendant under Washington's long-arm statute, RCW 4.28.185, because Defendant purposefully directed his patent-enforcement activities toward Amazon.com, Inc., which is headquartered in Seattle, Washington. Defendant has repeatedly submitted infringement complaints to Amazon asserting the '364 Patent against products offered through the Hontay storefront. Those activities include Defendant's submission or authorization of Complaint ID 22372084231 against the Accused Products, which resulted in Amazon's removal of Plaintiff's offers. Plaintiff's noninfringement claim arises directly out of that enforcement conduct.

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this District. Defendant directed the patent-enforcement communications underlying this action to Seattle-headquartered Amazon, seeking removal of Plaintiff's offers for the Accused Products, and Amazon removed those offers in response.

**<u>THE FACTUAL BACKGROUND</u>**

10. Plaintiff sells roller-type abdominal trainers on Amazon.com. Plaintiff has invested substantial resources in developing its listings, inventory, and customer relationships.

11. The products at issue are roller-type abdominal trainers offered through Plaintiff's Hontay storefront under ASINs B0CH3LQK1W, B0CH3LWY8F, and B0CH3HPL2F (the



GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

"Accused Products"). Before the removals described below, Plaintiff offered and sold the Accused Products to customers in the United States.

12. On information and belief, Defendant Michael H. Domesick owns the '364 Patent. On October 8, 2026, Amazon notified Plaintiff that it had removed Plaintiff's offer under ASIN B0CH3LQK1W in response to a patent-infringement report. On October 11, 2026, Amazon notified Plaintiff that it had removed Plaintiff's offers under ASINs B0CH3LWY8F and B0CH3HPL2F in response to the same report.

13. Both notices identify U.S. Patent No. 11,491,364 as the asserted patent, Complaint ID 22372084231 as the complaint number, "D/B/A AB MILL" as the reporting rights owner, and abmillllcinfringement@yahoo.com as the rights owner's contact email. Amazon's notices state that Plaintiff may seek reinstatement by submitting an appropriate court order, a noninfringement opinion from legal counsel, or a retraction submitted directly by the rights owner. Copies of the notices and certified English translations are attached as Exhibit C.

14. Defendant submitted or authorized the report that resulted in these removals. Plaintiff disputes Defendant's infringement allegations. The affected offers remain unavailable, preventing Plaintiff from selling the Accused Products through those offers and causing continuing lost sales.

15. Amazon is Plaintiff's primary sales channel in the United States for the Accused Products. The removals have deprived Plaintiff of access to that channel for those products. Plaintiff intends to resume the challenged sales and seeks a declaration of noninfringement to resolve the patent dispute underlying Defendant's report.

**The '364 Patent**

16. U.S. Patent No. 11,491,364 issued on November 8, 2022. A true and correct copy



GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

of the ’364 Patent is attached as Exhibit B.

17. The ’364 Patent is entitled “Plank Support Exercise Apparatus and Related Methods.” Its Abstract describes a plank support exercise apparatus having a frame, at least one arm support pad connected to the frame, and a ground-interface surface positioned along at least a portion of the apparatus. See Exhibit B, Abstract.

18. The ’364 Patent contains seventeen claims. Claims 1, 4, 8, 10, and 11 are independent, and claims 2–3, 5–7, 9, and 12–17 are dependent.

19. Upon information and belief, Defendant is the owner of the ’364 Patent.

**COUNT I**
**(Declaratory Judgment of Non-Infringement of the ’364 Patent)**

20. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

21. An actual and continuing controversy exists between Plaintiff and Defendant concerning whether the Accused Products infringe the ’364 Patent. Defendant submitted or authorized an infringement report asserting the ’364 Patent against the Accused Products, resulting in Amazon’s removal of Plaintiff’s offers. Plaintiff disputes infringement and intends to resume the challenged sales.

22. Plaintiff has not infringed and does not infringe any claim of the ’364 Patent, directly or indirectly, literally or under the doctrine of equivalents, by making, using, offering for sale, selling, or importing the Accused Products in the United States.

23. The product sold under ASIN B0CH3LQK1W, depicted below, is representative of the Accused Products. The products sold under ASINs B0CH3LWY8F and B0CH3HPL2F share the same structural and operational features relevant to the noninfringement analysis. The annotated photograph below identifies the relevant components.





GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049




24. A claim chart comparing the Accused Products with the claims of the ’364 Patent and explaining Plaintiff’s grounds for noninfringement is attached as Exhibit D and incorporated herein by reference.

25. The Accused Products lack, among other limitations, the hinge or pivot member allowing variation in arm-pad spacing required by claim 4; the arm support pad movably coupled to the frame and movable to a plurality of positions required by claim 8; and the adjustable position of the hand grip or arm support pad required by claim 11. Instead, the Accused Products have rigid frame connections, fixed arm-pad spacing, and fixed pad and grip positions.

26. Exhibit D further addresses the ground-contact limitations of claims 1 and 10 and explains Plaintiff’s noninfringement position as to those claims. For the reasons stated above and in Exhibit D, the Accused Products do not infringe any claim of the ’364 Patent, either literally or under the doctrine of equivalents.

27. Customers’ use of the Accused Products in their intended manner likewise does not directly infringe the ’364 Patent. Accordingly, Plaintiff’s sale of the Accused Products and



GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

provision of instructions for their intended use do not induce or contribute to infringement of the ’364 Patent.

28. Defendant has not withdrawn the infringement report, and Plaintiff’s affected offers remain unavailable. The continued removals prevent Plaintiff from resuming sales of the Accused Products through those offers. Amazon’s notices further warn that unresolved violations may result in deactivation of Plaintiff’s seller account. Monetary damages alone would not restore Plaintiff’s access to the affected offers or eliminate the continuing risk of account deactivation arising from the unresolved report.

29. Plaintiff is entitled to a declaration under 28 U.S.C. §§ 2201 and 2202 that it has not infringed and does not infringe any claim of the ’364 Patent, directly or indirectly, literally or under the doctrine of equivalents, through its activities involving the Accused Products.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. For judgment in favor of Plaintiff against Defendant on all claims.

B. Declaring that Plaintiff has not infringed and does not infringe any claim of the ’364 Patent, directly or indirectly, literally or under the doctrine of equivalents, by making, using, offering for sale, selling, or importing the Accused Products in the United States;

C. Permanently enjoining Defendant from submitting, maintaining, or renewing complaints to Amazon alleging that the Accused Products, in the form adjudicated noninfringing in this action, infringe the ’364 Patent;

D. Requiring Defendant to withdraw or retract all outstanding complaints submitted or authorized by Defendant to Amazon alleging that the Accused Products, in the form adjudicated noninfringing in this action, infringe the ’364 Patent;



GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

E. Awarding Plaintiff its taxable costs and, upon a finding that this case is exceptional, reasonable attorneys' fees under 35 U.S.C. § 285; and

F. Granting such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

Date: October 27, 2026

By: /s/ *Ruoting Men*

Ruoting Men, Esq. (WSBA No. 63842)
GLACIER LAW LLP
506 SECOND AVENUE, SUITE 1516
SEATTLE, WA 98104
Ruoting.men@glacier.law
Tel: +1 (212)729-5049

***Counsel for Plaintiff***